**Link to Doc. # 10**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7886 PSG (PLAx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Mohammed Ali Y Adam, *et al.* v. Mortgage Electronic Registration Systems, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting Defendants' Motion to Dismiss**

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' Motion.

I.     Background

*Pro se* Plaintiffs Mohammed Ali Y Adam and Mohsin Mohammed Ali Adam (collectively, "Plaintiffs") sued Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A. (collectively, "Defendants") to set aside and void an Interest Only Adjustable Rate Note (the "Note") and Deed of Trust securing Plaintiffs' residential property. *See Compl.* ¶¶ 10-11. On June 12, 2006, Plaintiffs allegedly obtained a mortgage from Countrywide Home Loans, Inc., which included MERS as the beneficiary. *See id.* ¶ 14. On the same day that the loan closed, MERS assigned and transferred its interests in the Note. *See id.* ¶ 15. That is the extent of the ascertainable allegations in the Complaint, which also contains unexplained references to other borrowers by the name of "Bynorma Moreira and Francisco Moreira wife and husband as joint tenants." *See id.* ¶ 16.

On September 3, 2010, Plaintiffs filed the case in California Superior Court for the County of Los Angeles. Defendants then removed it to this Court, *see* Dkt. #1 (Notice of Removal), and filed the pending Federal Rule of Civil Procedure Rule 12(b)(6) Motion to

**Link to Doc. # 10**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7886 PSG (PLAx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Mohammed Ali Y Adam, *et al.* v. Mortgage Electronic Registration Systems, Inc., *et al.* | | |

Dismiss Plaintiffs' Complaint, *see* Dkt. #10.  For the reasons that follow, the Court GRANTS Defendants' motion.

II.      Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis.  *See id.* at 1950.  First, the Court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief.  *See Ashcroft,* 129 S. Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.*

Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe her complaint liberally.  *Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints.").  Indeed, the Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).  Nonetheless, "[a]lthough a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint

**Link to Doc. # 10**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7886 PSG (PLAx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Mohammed Ali Y Adam, *et al.* v. Mortgage Electronic Registration Systems, Inc., *et al*. | | |

[can]not be cured by amendment," *O'Neal v. Price,* 531 F.3d 1146, 1149 (9th Cir. 2008) (citation omitted), in some circumstances, dismissal of a pro se litigant's complaint with prejudice may be warranted.  *See id.* (citing *McHenry v. Renne,* 84 F.3d 1172, 1178-80 (9th Cir. 1996)).

III.   Discussion

The Court agrees with Defendants' argument that the Complaint fails to state a claim upon which relief can be granted, but first takes a moment to comment on Plaintiffs' failure to timely oppose Defendants' motion.

A.   Local Rules 7-9 and 7-12

Although Plaintiffs are proceeding *pro se*, they must still comply with the Court's procedural rules.  *See Jacobsen v. Filler*, 790 F.2d 1363, 1364-65 (9th Cir. 1986).  Pursuant to Local Rule 7-9, Plaintiffs' opposition to Defendants' motion to dismiss was due 21 days before the date designated for the hearing of the motion, which would have been December 20, 2010. *See* L.R. 7-9.  The Court could have granted Defendants' motion at that time for failure to oppose under Local Rule 7-12, but did not.  Despite Plaintiffs' untimely filing, the Court considers the Opposition filed on December 23, 2010, as it has the discretion to do under Local Rule 7-12.  Nevertheless, the Court warns Plaintiffs that they must comply with the Federal Rules of Civil Procedure, the Court's Local Rules and the Court's Standing Order for all filings and appearances in the future.[1]

B.   Defendants' Motion to Dismiss

---

[1] The Court also notes that Plaintiffs' Opposition does not specifically address the arguments made by Defendants in their motion to dismiss.  Plaintiffs should be made aware that Local Rule 7-9 requires "a brief but complete memorandum which shall contain a statement of all the reasons in opposition [to the other party's motion] and the points and authorizes upon which the opposing party will rely."  *See* L.R. 7-9. Failure to do so "may be deemed consent to the granting . . . of the motion."  *See* L.R. 7-12.  In light of the fact that Plaintiffs are *pro se*, the Court grants some latitude but again reiterates that Plaintiffs must still comply with the Court's rules.

**Link to Doc. # 10**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7886 PSG (PLAx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Mohammed Ali Y Adam, *et al.* v. Mortgage Electronic Registration Systems, Inc., *et al*. | | |

Plaintiffs' Complaint is unclear and the Court has done its best to discern the causes of action asserted against Defendants.  Though not labeled, the Complaint alleges violations of California Corporation Code § 2105 and California's Unfair Competition Law ("UCL" or "§ 17200").  The Court addresses each in turn.

      1.      <u>California Corporation Code § 2105</u>

Plaintiffs allege that the Note should be set aside and voided because MERS was not in compliance with California Corporation Code § 2105 at the time MERS' rights, title and interest as the beneficiary in a deed of trust were assigned.  More specifically, MERS allegedly assigned its interest before registering with the Secretary of State to do business in California.  *See Compl.* ¶¶ 17-24 (MERS "did not have a Certificate of Qualification to do business in California from the California Secretary of State as required by California Corporation Code § 2105").

California Corporation Code § 2105 states that "[a] foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification."  Cal. Corp. Code § 2105.  However, a corporation's past, unregistered business activities are "retroactively validated" upon later, successful registration with the Secretary of State.  *See Perlas v. Mortgage Electronic Registration Systems, Inc.*, No. CV 09-4500 CRB, 2010 WL 3079262, at *7 (N.D. Cal. Aug. 6, 2010) ("California courts have held that an unregistered corporation, upon registering, is 'restored to full legal competency and has its prior transactions given full effect.'" (citing *United Medical Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732,  1741, 57 Cal. Rptr. 2d (1996)).  MERS registered with the California Secretary of State on July 21, 2010,[2] and Plaintiff cannot now complain that its transactions are without legal effect.  *See id.*  Defendants' motion to dismiss Plaintiffs' California Corporation Code § 2105 claim is GRANTED WITH PREJUDICE.

      2.      <u>California Unfair Competition Law</u>

---

[2] Although Defendants did not provide any evidence as to MERS' date of registration in California, the Court was able to locate MERS' July 21, 2010 registration on the California Secretary of State's website and takes judicial notice of it as a "matter[] of public record."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also* Fed. R. Evid. 201.

**Link to Doc. # 10**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7886 PSG (PLAx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Mohammed Ali Y Adam, *et al.* v. Mortgage Electronic Registration Systems, Inc., *et al*. | | |

The second cause of action identified in Plaintiffs' Complaint is based on California's Unfair Competition Law, codified at Business and Professions Code § 17200, *et seq*. The UCL prohibits an "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (*quoting* Cal. Bus. & Prof. Code § 17200). An "unlawful" business act under § 17200 is any business practice that is prohibited by law, whether "civil or criminal, statutory or judicially made . . . federal, state or local." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted).

Although a UCL claim can be asserted under the fraudulent, unfair or unlawful prongs of § 17200, Plaintiffs assert a claim only for unlawful business practices. Specifically, the Complaint alleges that MERS' practice of conducting business before registering with the California Secretary of State was unlawful under California Corporation Code § 2105, and therefore, also prohibited under the unlawful prong of the UCL. *See Compl.* ¶ 31. The Court's determination that Plaintiffs' § 2105 claim is not actionable also requires a finding that Plaintiffs' UCL claim based upon it is not actionable. *See Perlas*, 2010 WL 3079262, at *7 ("It would be entirely contrary to California law to permit Plaintiff[] to maintain a UCL action where MERS has received the benefit of [] retroactive validation" under § 2105.); *see also Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178, 107 Cal. Rptr. 2d 209 (2001) (a UCL "unlawful" action is "incidental to and depend[ent] upon the validity (or invalidity) of the preceding claims for relief"). As a result, the Court GRANTS Defendants' motion to dismiss Plaintiffs' UCL cause of action WITH LEAVE TO AMEND.

3.   Plaintiffs' Failure to Assert Claims against Bank of America, N.A.

Defendants correctly point out that "Plaintiffs' Complaint consists entirely of allegations of wrongful conduct by defendant MERS regarding its alleged [assignment of interests] at a time that it was not qualified to do business in California." *See Mot.* 8:11-14. It follows that Plaintiffs have failed to assert a claim against Bank of America, N.A. and the Court GRANTS Defendants' motion to dismiss the Complaint as to Bank of America, N.A., WITH LEAVE TO AMEND.

IV.   Conclusion

**Link to Doc. # 10**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7886 PSG (PLAx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Mohammed Ali Y Adam, *et al.* v. Mortgage Electronic Registration Systems, Inc., *et al*. | | |

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss Plaintiffs' Complaint as to Bank of America, N.A. in its entirety WITH LEAVE TO AMEND, and GRANTS Defendants' motion to dismiss Plaintiff's Complaint as to MERS according to the following:

(1)     California Corporation Code § 2105 claim—dismissed with prejudice.

(2)     California Unfair Competition Law claim—dismissed with leave to amend.

Plaintiff has until **FEBRUARY 7, 2011** to file a Second Amended Complaint to state an actionable state or federal law claim.  Failure to do so will result in the case being dismissed with prejudice.[3]

**IT IS SO ORDERED.**

---

[3]  The Court also notes that Defendants alternatively seek a more definite statement of the Complaint pursuant to Federal Rule of Civil Procedure 12(e).  *See Mot.* 13:7.  Because the Court grants Defendants' motion to dismiss Plaintiffs' Complaint under Rule 12(b)(6), Defendants' alternative motion for a more definite statement is moot.